Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VOLTAGE PICTURES, LLC<br><br>Plaintiff<br><br>v.<br><br>JOHN DOES 1 - 18<br><br>Defendants. | Case No. 2:13-CV-00462-RSL<br><br>MOTION TO DISMISS FOR LACK OF STANDING<br><br>Noting Date: May 31, 2013 |

Defendant Melissa Kohrs (identified in the Complaint by I.P. address as "Doe 2"), by and through counsel, moves this honorable Court for an Order dismissing this matter pursuant to FED. R. CIV. P. 12(c). In support of this motion, Defendant states as follows:

**I.     GENERAL BACKGROUND**

Plaintiff Voltage Pictures has brought this and other identical actions in countless other cases in this District as well as many other districts across the country. For example, Voltage Pictures is the named plaintiff in the following cases filed in this District all on the same day: *Voltage Pictures, LLC v. Does 1-18*, 2:13-cv-00455; *Voltage Pictures, LLC v. Does 1-78*, 2:13-cv-00456; *Voltage Pictures, LLC v. Does 1-78*, 2:13-cv-00457; *Voltage Pictures, LLC v.*

Motion to Dismiss
Cause No. 2:13-CV-00462

Page 1

WHITAKER LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, WA  98101
(p) 206.436.8500  (f) 206.694.2203

*Does 1-22*, 2:13-cv-00458; *Voltage Pictures, LLC v. Does 1-40*, 2:13-cv-00459; *Voltage Pictures, LLC v. Does 1-52*, 2:13-cv-00460; *Voltage Pictures, LLC v. Does 1-78*, 2:13-cv-00461; and *Voltage Pictures, LLC v. Does 1-18*, 2:13-cv-00462. None of those other matters were identified as related cases to this matter.

Voltage Pictures is one of at least five different plaintiffs which have all filed almost identical copyright infringement cases in this District using nearly identical pleadings (including the exact same typographical errors among the several cases). See, e.g., *Kintop Pictures v. Does 1-26*, 2:12-cv-02159; *R & D Film 1, LLC v. Does 1-46*, 2:13-cv-00050; *Riding Films, Inc. v. Does 1-35*, 2:13-cv-00255; *Zembezia Film (Pty.) Ltd. v. Does 1-47*, 2:13-cv-00307; and *Voltage Pictures, LLC v. Does 1-18*, 2:13-cv-00455. All of the different plaintiffs use the same counsel as the instant action.

All five of those different plaintiffs have also brought essentially identical actions in other cases around the country. See, e.g., *Kintop Pictures v. Does 1-78*, 12-cv-1210 (MDTN); *R&D Film 1 LLC v. Does 1-20*, 12-cv-5817 (NDIL); *Riding Films Inc. v. Does 1-61*, 13-cv-0018 (SDGA); *Zambezia Film Ltd v. Does 1-17*, 13-cv-0043 (EDTN); and *Voltage Pictures LLC v. Does 1-24*, 13-cv-0463 (NDOH), as well as countless others.

## II.  LEGAL STANDARD FOR 12(C) MOTION

When considering a Rule 12(c) motion, the court must construe the allegations in the complaint in the light most favorable to the non-moving party. See *Turbe v. Government of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991) . "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (citing *Bell Atlantic Corp. v.*

Motion to Dismiss
Cause No. 2:13-CV-00462

Page 2

WHITAKER LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, WA  98101
(p) 206.436.8500  (f) 206.694.2203

*Twombly*, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). A court may grant a motion for judgment on the pleadings when no genuine issues of material fact remain and the case can be decided as a matter of law. *Id*.

A dismissal pursuant to Rule 12(c) is **with prejudice**. *LaRue v. DeWolff, Boberg &Associates, Inc.*, 450 F.3d 570 (4th Cir. 2006); *U.S. ex rel Bledsoe v. Community Health Systems, Inc.*, 501 F.3d 493, 2007 WL 2492439 (6th Cir. 2007); *Jung v. Association of American Medical Colleges*, 184 Fed.Appx. 9 (D.C. Cir. 2006); *Bull v. U.S.*, 63 Fed.Cl. 580(Fed.Cl. 2005); J. Moore, et al., 11-56 Moore's Federal Practice - Civil § 56.30 (Rule 12(c) motions for judgment on the pleadings result in final adjudication of a case or claim.).

### III.   RIGHTHAVEN AND DISCUSSION

The Ninth Circuit handed down its decision today in *Righthaven LLC v. Hoehn & DiBiase*, Nos. 11-16751, 11-16776 (9th Cir. May 9, 2013), a copy of which is attached as "Exhibit A" to this motion. The core issue in *Righthaven* was whether a copyright assignment that conveys nothing other than a naked right to sue for copyright infringement was sufficient to sustain standing. The Court held that it did not. As stated best by the Ninth Circuit:

> Under the Copyright Act, only the "legal or beneficial owner of an exclusive right under a copyright" has standing to sue for infringement of that right. See 17 U.S.C. § 501(b); Silvers v. Sony Pictures Entertainment, Inc., 402 F.3d 881, 890 (9th Cir. 2005) (en banc) (holding that, under § 501, only a party with an ownership interest has standing to sue). Section 106 of the Copyright Act lists the "exclusive rights" that can be held. They include the right to reproduce the copyrighted work, to prepare derivative works based on the work, and to distribute copies of the work by selling, renting, leasing, or lending. See 17 U.S.C. § 106. Absent from the list of exclusive rights is the right to sue for infringement. Accordingly, we held en banc in Silvers that the assignment of the bare right to sue for infringement, without the transfer of an associated exclusive

Motion to Dismiss
Cause No. 2:13-CV-00462

Page 3

WHITAKER LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, WA 98101
(p) 206.436.8500  (f) 206.694.2203

right, is impermissible under the Copyright Act and does not confer standing to sue. 402 F.3d at 890. That covers Righthaven, for all it was really assigned was a bare right to sue for infringement.

*Righthaven*, Exhibit A at page 7.

In short, since the right to sue is not one of the exclusive copyright rights, transfer solely of the right to sue does not confer standing on the assignee. One can only obtain a right to sue on a copyright if the party also obtains at least one of the exclusive rights in the copyright. See *id*.

In the instant case, Voltage Pictures' entire interest in purported copyright work is the bare naked right to sue for copyright infringement, and even then only for illegal uploading, downloading, and/or streaming the work. On its face, the assignment conveys nothing except what is "necessary to make claims by itself against illegal downloads, uploads and/or streaming the work via the internet or wireless worldwide." See "Exhibit B" (Voltage Pictures assignment, also filed as Dkt 1-2, page 5.

The assignment upon which standing is based in the instant action conveys no rights other than those found in the *Righthaven* assignment. Both *Righthaven* and the instant case deal with the current judicial plague of copyright owners transferring only sufficient rights to a copyrighted work to enable attorneys to file a lawsuit. This plague has been referred to as an extortion scheme numerous times. See, e.g., *Ingenuity 13 LLC v. Doe*, No. 2:12-cv-8333 Order Issuing Sanctions, page 2 (CACD 5/6/13) ("So now, copyright laws originally designed to compensate starving artists allow starving attorneys in this electronic-media era to plunder the citizenry.")(Attached as Exhibit "C").

Motion to Dismiss
Cause No. 2:13-CV-00462

Page 4

WHITAKER LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, WA 98101
(p) 206.436.8500 (f) 206.694.2203

In the absence of any rights other than the bare naked right to sue for copyright infringement, a plaintiff lacks standing to sue for copyright infringement. Plaintiff Voltage Picture's assignment on its face expressly conveys nothing except the right to sue for online copyright infringement. See Exhbit B. Thus, Voltage Pictures does not have standing to maintain this action.

## IV.  <u>CONCLUSION</u>

For the foregoing reasons, Defendant Melissa Kohrs respectfully requests that this action be dismissed with prejudice.

Dated: May 9, 2013                             Respectfully submitted,

*/s/ John Whitaker*
John Whitaker, WSBA No: 28868
WHITAKER LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, Washington  98101
Phone (206) 436-8500
Fax (206) 694-2203
*john@wlawgrp.com*

Attorney for Defendant

Motion to Dismiss
Cause No. 2:13-CV-00462
Page 5
WHITAKER LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, WA  98101
(p) 206.436.8500  (f) 206.694.2203

## **CERTIFICATE OF SERVICE**

I, Anne K. Smart, hereby certify that on the date indicated below, I caused a true and correct copy of the foregoing to be served on all parties who have appeared in this case:

Dated: May 9, 2013        s/*Anne K. Smart*
                          Anne K. Smart
                          Whitaker Law Group